

*1540 Broadway*
*23rd Floor*
*New York, NY 10036*

*646.927.5500 main*
*646.927.5599 fax*

August T. Horvath
646-927-5544

June 1, 2020

## Via ECF

Honorable Kiyo A. Matsumoto, U.S.D.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East, Courtroom 6C South
Brooklyn, NY 11201

      Re:    *King v. H Mart, Inc.*, Case No. 1:19-cv-6736-KAM-SMG

Dear Judge Matsumoto:

      We represent defendant H Mart, Inc., which intends to move to dismiss the Complaint in this matter. We write to request a pre-motion conference regarding H Mart's intended motion to dismiss the Amended Complaint (Dkt. 9) under Rule 12(b)(6), and briefly state here the grounds for the motion.

### I.    The "Vanilla" Labeling Is Not Plausibly Deceptive to Reasonable Consumers

      H Mart sells mochi ice cream treats under the Mochi-Mochi® brand, among others. Plaintiff's central allegation is that H Mart, by designating the ice cream products with the characterizing flavor "vanilla," are not only making a claim about how the ice cream tastes, but also making an implied claim that all of the vanilla taste of the products comes from vanilla bean extract. This allegation fails, as a matter of law, because no reasonable consumer would perceive the Mochi-Mochi packaging to imply that all of the ice cream's vanilla taste must come from vanilla bean extract or from natural flavors. Plaintiffs also allege, even more implausibly, that the color of the ice cream and/or the non-ice-cream covering of the treats deceives consumers into believing that the product contains vanilla extract.

      To prove conduct is materially misleading as required under General Business Law §§ 349 and 350, a plaintiff must demonstrate that "a reasonable consumer acting reasonably under the circumstances" would be misled. *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). A court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). Courts in this Circuit dismiss challenges to advertising claims where the challenged marketing claims would not deceive reasonable consumers. *See, e.g., Melendez v. ONE Brands, LLC*, No. 18-cv-6650-CBA (E.D.N.Y. March 16, 2020); *Sarr v. BEF Foods*, No. 18-cv-6409-ARR, 2020 U.S. Dist. LEXIS 25594 (E.D.N.Y. Feb. 13, 2020); *Campbell-Clark v. Blue Diamond Growers*, No. 1:18-cv-5577-WFK (E.D.N.Y. Dec. 17, 2019); *Reyes v. Crystal Farms*, No. 18-cv-2250-NGG-RML, 2019 U.S. Dist. LEXIS 125971 at *8-10 (E.D.N.Y. July 26, 2019). This Complaint should be dismissed on the basis that no reasonable consumer would interpret the "vanilla" flavor designator on Mochi-Mochi ice cream treats as an ingredient claim.

Honorable Kiyo A. Matusmoto, U.S.D.J.
April 20, 2020
Page 2

## II. Plaintiffs' Attempt to Enforce Their Interpretation of Federal Food Regulations Is Preempted

Plaintiffs allege throughout the Complaint that H Mart's packaging and labeling are not in compliance with regulations promulgated under the Food, Drug and Cosmetic Act (FDCA). Dkt. 9 ¶¶ 18-52. Purported non-compliance with these regulations is proffered as the only basis for the allegation that the Mochi-Mochi ice cream labeling is purportedly deceptive to consumers, relying on repeated citations to Code of Federal Regulations provisions implementing the FDCA. This reveals the Complaint to be Plaintiffs' attempt privately to enforce the FDCA, filed because Plaintiffs' counsel believes it has spotted a technical violation of FDA regulations. But Plaintiffs are not the FDA, and are neither competent to interpret FDA regulations nor empowered to enforce them.

The right to enforce the Food, Drug & Cosmetics Act (FDCA) rests exclusively with the Food and Drug Administration. *See* 21 U.S.C. § 337(a); *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997) (there can be no private cause of action if a plaintiff's "true goal is to privately enforce alleged violations of the FDCA"); *Verzani v. Costco Wholesale Corp.*, No. 09-cv-2117, 2010 WL 3911499 (S.D.N.Y. Sept. 28, 2010) ("The FDCA lacks a private right of action and therefore [a plaintiff] cannot rely on it for purposes of asserting a state-law consumer claim under G.B.L. § 349"), *aff'd*, 432 Fed. Appx. 29 (2d Cir. 2011). There could not be a better example than this Complaint of a case where "a plaintiff's true purpose is to enforce federal regulations, masquerading as a state-law claim." *In re Trader Joe's Tuna Litig.*, 289 F. Supp. 3d 1074, 1086 (S.D. Cal. 2017) (dismissing New York G.B.L. §§ 349-350 claims). Conclusory allegations aside, no basis other than FDCA non-compliance is alleged for any deception in the labeling of the Mochi-Mochi ice cream products. To the extent that Plaintiffs seek to impose additional labeling requirements beyond those of the FDCA, these also are preempted. *See* 21 U.S.C. § 343-1(a)(1); *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 296 (S.D.N.Y. 2018).

Contrary to Plaintiffs' allegations, New York has not adopted a comprehensive food law paralleling the FDCA, nor any law that regulates vanilla flavoring. *See Trader Joe's Tuna Litig.*, 289 F. Supp. 3d at 1085-86. New York's Agriculture and Markets Law (AML) regulates only specific foods and food-related practices, which do not include the subject matter of Plaintiffs' claims, and its regulations adopt FDA regulations and standards of identity only for purposes of enforcing those limited statutory provisions. 1 N.Y.C.R.R. § 2501.1. Moreover, New York vests the State with the exclusive authority to enforce its Agriculture and Markets Law, and Plaintiffs have no standing to enforce such food laws as exist in New York, just as they lack standing to enforce the FDCA. 1 N.Y.C.R.R. § 32.1; *see also Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 200 (a party cannot thwart legislative intent by pleading a claim for violation of a statute with no private cause of action as a claim under G.B.L. § 349); *Conboy v. AT&T Corp.*, 241 F. 3d 242, 258 (2d Cir. 2001) (plaintiff cannot thwart legislative intent of one New York law, G.B.L. § 601, which has no private right of action, by couching claim as a § 349 claim).

## III. Plaintiffs Do Not Have Standing to Seek Injunctive Relief

Plaintiffs lack standing to seek preliminary or permanent injunctive relief because they fail to allege any likelihood that they will be deceived in the future by the challenged

Honorable Kiyo A. Matusmoto, U.S.D.J.
April 20, 2020
Page 3

representations, and thus, fail to demonstrate any likelihood of continuing or future injury. *See Davis*, 297 F. Supp. 3d at 338-339; *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016).

IV. **The Elements of Fraud, Negligent Misrepresentation, Warranty, and Unjust Enrichment Are Not Pled or Supported with Factual Allegations**

Plaintiffs' fraud claim should be dismissed because they have not alleged facts that "give rise to a strong inference of fraudulent intent," *Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997), by pleading facts to show that H Mart either had "both motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

Plaintiffs' negligent misrepresentation claim should be dismissed because, under New York common law, this cause of action requires a special relationship of trust to exist between the parties, and is not applicable to an arm's-length commercial transaction. *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996).

Plaintiffs' express warranty claim must be dismissed because no expressly false statement, but only implied misrepresentations, are alleged, and because Plaintiffs did not provide timely notice of the alleged breach. *Colella v. Atkins Nutritionals*, *Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018). Their claim for breach of implied warranty of merchantability must be dismissed because there is no allegation that the product is not merchantable and fit for its intended use.

The unjust enrichment claim should be dismissed because it is duplicative of the false advertising claims. An unjust enrichment claim is not available where it merely duplicates a contract or tort claim, which has been held to include GBL false-advertising claims. *See Reyes*, 2019 U.S. Dist. LEXIS 125971 at *15 (dismissing unjust enrichment claim that was duplicative of GBL claims); *Weisblum*, 88 F. Supp. 3d at 296-97 (same); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) (same).

                                                Respectfully submitted,

                                                August T. Horvath

B5059074.1